UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| DEBRA WALDROP, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No: | 05-715 (RMU) |
| | : | Crim Action No.: | 02-395-1 |
| v. | : | | |
| | : | Document No: | 1 |
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Respondent. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PETITIONER'S § 2255 MOTION**

**I. INTRODUCTION**

On April 10, 2003, the petitioner, Deborah Waldrop, pled guilty to two counts of unlawful distribution of cocaine base, one count of unlawful possession with intent to distribute over fifty grams of cocaine base, and one count of unlawful distribution of five grams or more of cocaine base. On October 20, 2003, the court sentenced the petitioner to 120 months incarceration for each of the four counts, the individual sentences to run concurrently. In computing the petitioner's sentence, the court declined to apply the "safety valve" provision of the United States Sentencing Guidelines ("U.S.S.G."), which is afforded to defendants who cooperate fully with the government. As a result, the petitioner did not receive the benefit of the two-point reduction in her offense level. The petitioner filed an appeal with the D.C. Circuit arguing that the court erred in not applying the "safety valve provision."

On April 6, 2005, the petitioner filed the instant motion for relief under 28 U.S.C. § 2255[1] arguing that (1) the court erred in not applying the "safety valve" provision of the U.S.S.G., (2) the court improperly applied the sentencing framework for "crack" cocaine rather than cocaine base, and (3) her counsel was ineffective in failing to advise her to accept a plea to a lesser included offense.[2] Because the D.C. Circuit has affirmed this court's refusal to apply U.S.S.G. § 5C1.2, because she is procedurally barred from raising the second claim, and because she has failed to demonstrate that her trial counsel was ineffective, the court denies the petitioner's motion.

## II.  ANALYSIS

### A.  Legal Standard for § 2255 Motions

A person may challenge the validity of his sentence under 28 U.S.C. § 2255 by moving the court that imposed the sentence to "vacate, set aside, or correct the sentence." 28 U.S.C. § 2255; *see also Daniels v. United States*, 532 U.S. 374, 377 (2001); *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 n.1 (D.D.C. 1995) (holding that "it is well settled in this jurisdiction and elsewhere that § 2255 will lie only to attack the

---

[1] Petitioner's motion is titled "Habeas Corpus." Habeas Corpus claims are different from those brought under 28 U.S.C. § 2255. *Wilson v. Office of the Chairperson of D.C. Board of Parole*, 892 F.Supp. 277 (D.D.C. 1995). Because the claims raised in that pleading are properly raised as a 28 U.S.C. § 2255 action, and because the petitioner makes explicit reference to § 2255 throughout her motion, the court will consider her motion under § 2255 rather than under 28 U.S.C. § 2241 and 2242, the habeas corpus provisions.

[2] The petitioner also claims that the court erred in not applying a three-point reduction for acceptance of responsibility. Because the court did, in fact, grant the defendant a three-point reduction, Sent. Hr'g Tr. (10/20/03) at 55-56, her claim is without merit.

2

imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement") (quoting *Hartwell v. United States*, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).

Section 2255 authorizes the sentencing court to discharge or resentence a prisoner if the court concludes that it was without jurisdiction to impose the sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (noting that "[t]his statute was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court") (citing *United States v. Hayman*, 342 U.S. 205, 216-17 (1952)).  A petitioner can collaterally attack his sentence under section 2255 when the sentencing judge made an "objectively ascertainable error." *King v. Hoke*, 825 F.2d 720, 724-25 (2d Cir. 1987) (citing *Addonizio*, 442 U.S. at 187).

Relief under section 2255, however, is an extraordinary remedy, *Addonizio*, 442 U.S. at 184; *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992), and the person seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence.  *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973); *accord Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000).

**B. The Court Denies the Petitioner's Claim of Failure to Apply the U.S.S.G. § 5C1.2, "Safety Valve" Provision**

A petitioner's § 2255 claims may be dismissed if the claims raised are the same as those raised previously on direct review.  *United States v. Cooper*, 725 F.2d 756 (D.C. Cir. 1984)

(holding that because a petitioner's claim had been denied on the merits on appeal, the trial court properly dismissed the § 2255 claim) (citing *Tucker v. United States*, 427 F.2d 615, 617 (D.C. Cir. 1970) (holding that a § 2255 motion may be summarily denied if, "the grounds for relief relied upon were previously determined, on the merits, adversely to the applicant after an adequate hearing, and the ends of justice would not be served by reaching the merits of the new application") (internal quotation marks omitted); *see also Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (holding that the petitioner could not challenge the government's evidence that the defendant possessed contraband because that issue had previously been resolved by the appellate court); *Riascos-Prado v. United States*, 66 F.3d 30, 33-34 (2d Cir. 1995) (ruling that the petitioner could not raise ineffective assistance of counsel claim in § 2255 motion because that issue had previously been resolved on direct appeal).

Here, the petitioner argues that the court erred in refusing to apply U.S.S.G. § 5C1.2, the "safety valve" provision. Pet'r's Mot. at 1-3. On May 24, 2005, the D.C. Circuit affirmed this court's determination on that issue. *United States v. Waldrop*, Slip Op. 03-3128 (D.C. Cir. May 24, 2005). The D.C. Circuit found that this court's determination was "amply supported by the evidence, and the finding upon which it rests certainly is not clearly erroneous." *Id.* at 2. Because the D.C. Circuit has definitively ruled on the precise issue before the court, the petitioner's U.S.S.G. § 5C1.2 claim is barred. *See Cooper,* 725 F.2d at 756.

### C. The Court Denies the Petitioner's Claim of Insufficient Evidence

When a petitioner fails to raise an argument on direct appeal, he may raise a collateral claim, pursuant to § 2255, only if he can show cause and prejudice, or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Pettigrew*, 346 F.3d at 1144. To show

cause and prejudice for the procedural default, the petitioner must (1) demonstrate good cause for his failure to raise the issue on appeal and (2) show that the issue he is raising caused actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Kleinbart*, 27 F.3d 586, 590 (D.C. Cir. 1994). Although a petitioner can establish cause if a claim would have been "so novel that its legal basis [was] not reasonably available to counsel," novelty does not exist merely because the claim would have been "unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)).

The petitioner argues that there was an insufficient evidentiary basis to support her guilty plea to possession and distribution of crack cocaine. Pet'r's Mot at 2. But the petitioner fails to raise this claim on direct review, and has asserted no justification for her failure to do so. To the contrary, the petitioner admits awareness of this issue at sentencing, prior to filing her appeal. *Id.* (stating that "the defendant moved into the plea agreement with the government . . . but during sentencing was shunned upon with an unexplanitory [sic] intent, resulting in the defendant being sentenced under the term Crack").

**D. The Court Denies the Petitioner's Claim of Ineffective Assistance of Counsel**

As a preliminary matter, the government argues that the petitioner is procedurally barred from raising this issue because she failed to do so on direct review. Resp't's Opp'n at 3-5. The government is incorrect. Ineffective assistance of counsel claims are not waived if not raised during appeal, *Massaro v. United States*, 538 U.S. 500, 509 (2003), and petitioner is not barred from now doing so.

To demonstrate ineffective assistance of counsel, a defendant must show that his

counsel's performance was in fact deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A petitioner claiming ineffective assistance of counsel in a guilty plea must demonstrate that: (1) "[c]ounsel's representation fell below an objective standard of reasonableness" and (2) "[b]ut for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying the holding of *Strickland* to such pleas); *United States v. Del Rosario*, 902 F.2d 55, 57-58 (D.C. Cir. 1990) (requiring a "colorable claim of innocence to justify vacating a plea on ineffective assistance of counsel grounds"); *see also Strickland*, 466 U.S. at 687-688 (discussing a similar two-part test).

In this context, a "reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *United States v. Thompson*, 27 F.3d 671, 675 (D.C. Cir. 1994) (quoting *Strickland*, 466 U.S. at 694). The court must begin with a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 688-89. "Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." *Id*. at 681

Because the court must find both a deficiency in representation and prejudice to the defendant, the court need not "approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Stated differently, the court is not required to consider "whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

The petitioner claims that because of the ineffectiveness of her counsel, she plead to four counts in the indictment rather than to a lesser included offense. Pet'r's Mot. at 2. In support of this position, the petitioner cites to the plea hearing transcript, *id.* at 3, wherein after the petitioner stated that she "thought [she] was just helping out somebody who was on [crack] like [she] was," the defense counsel stated that "[w]hat she said was she was selling to Detective Quigley." Plea Hr'g Tr. at 17 (April 10, 2003). To the petitioner, this demonstrates that counsel was "putting words in the defendant's mouth in an evasive allure." Pet'r's Mot. at 3. The court cannot agree. Several lines following these statements, in response to the court's inquiry into whether the defendant was "intending to distribute [the drugs] to Detective Quigley or someone else," the defendant answered, "[n]o, just her. She was the only one. I ain't never sell none. Just sold it to her. I wasn't selling drugs. But when she came and I just felt sorry for her, because she needed some drugs[.]" Plea Hr'g Tr. at 18. The petitioner also points to a portion of the transcript in which she asked the court if she could fire her counsel. Pet'r's Mot. at 3. Read in context, however, this statement bears little resemblance to the meaning the petitioner attempts to ascribe to it. In its entirety, this exchange proceeds as follows

| | |
|---|---|
| The Court: | Are you satisfied with the services of your attorney, the way counsel has handled your case, given you advise [sic] and assisted you in reaching this very important decision about what to do? |
| The Defendant: | Can I fire him? |
| The Court: | Can you fire him? |
| The Defendant: | I don't need to fire him. |
| The Court: | You need to answer my question first. |
| The Defendant: | He was fair |
| The Court: | Is there anything you don't understand or that you would understand better? |
| The Defendant" | No. He explained everything to me. |
| The Court: | Why do you ask me if you can fire him? |
| The Defendant: | Because I just wanted to know but I don't want to fire him. We in |

there and get it over with.

Plea Hr'g Tr. at 24-25.  The petitioner's two citations to the transcript constitute the gravamen of her allegations of ineffective assistance of counsel.  They wholly fail under both *Strickland* prongs.  The petitioner carries the burden of demonstrating that the counsel's representation was deficient and that the deficient performance prejudiced her case.  *Strickland*, 466 U.S. at 687.  Petitioner's assertions are facially meritless and fail to satisfy either, much less both, of the *Strickland* prongs.

### E.  Section 2255 Hearing is not Necessary

Section 2255 provides that a hearing shall be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. When a § 2255 motion involves ineffective assistance of counsel, a hearing is not required if the district court determines that the "alleged deficiencies of counsel did not prejudice the defendant." *United States v. Sayan*, 968 F.2d 55, 66 (D.C. Cir.1992) (citing *United States v. Patterson,* 652 F.2d 1046, 1047-48 (D.C. Cir.1981)).  The petitioner's motion raises three separate claims for relief.  Two of these claims (failure of court to apply U.S.S.G. § 5C1.2 and insufficiency of the evidence) are procedurally barred.  The petitioner's ineffective assistance of counsel claim is belied by the record and is therefore without evidentiary support.  *U.S. v. Rashad*, 331 F.3d 908 (D.C. Cir. 2003) (holding that hearing is unnecessary for ineffective assistance of counsel claim if the record conclusively shows that the petitioner is entitled to no relief) (citing *U.S. v. Fennell,* 53 F.3d 1296 (D.C. Cir. 1995); *U.S. v. Weaver,* 234 F.3d 42, 45 (D.C. Cir. 2000) (holding that hearing is not required for claim of ineffective assistance of counsel where court determines that the alleged deficiencies in representation did not prejudice

the petitioner); *U.S. v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1989) (holding that no hearing is needed under § 2255 when the petitioner's factual allegations are negated by the record).

Accordingly, the court concludes that under these circumstances no evidentiary hearing is necessary under § 2255, nor would one be fruitful.

### III.  CONCLUSION

For the foregoing reasons the court denies the petitioner's motion to vacate, set aside, or correct the sentence.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 17th day of August, 2005.

                                             RICARDO M. URBINA
                                             United States District Judge